# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSH DESPORT** | § | **CIVIL ACTION NO. 2:19-cv-12446** |
| *Plaintiff* | § | |
| | § | **JUDGE NANNETTE JOLIVETTE** |
| **VERSUS** | § | **BROWN** |
| | § | |
| **SHAMROCK ENERGY** | § | **SECTION G, MAGISTRATE (4)** |
| **SOLUTIONS, LLC** | § | |
| *Defendant* | § | |
| | § | |

## PROPOSED PRE-TRIAL ORDER

**NOW COMES**, through undersigned counsel, Plaintiff, **JOSH DESPORT**, who respectfully submits the following pursuant to the Court's Order, dated June 9, 2021 [D.E. 25] and in light of the Pre-trial Conference currently set to take place on June 10, 2021 at 3:00 p.m., Plaintiff submits the following Pre-Trial Order without any inserts provided by Defendant, as Defendant remains unrepresented and cannot proceed *pro se*. He respectfully avers as follows:

## A. COUNSEL FOR THE PARTIES.

Plaintiff(s):     JAMES E. SUDDUTH, III
                  Email: James@saa.legal
                  **SUDDUTH & ASSOCIATES, LLC**
                  1109 Pithon St.
                  Lake Charles, LA 70601

Defendant(s):     None. Defendant, Shamrock Energy Solution, LLC is not currently represented by counsel.

## B. STATEMENT OF JURISDICTION.

Jurisdiction is not disputed. Plaintiff has brought a claim pursuant to Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e *et seq*. Jurisdiction is also proper under 28 U.S.C. § 1331 and § 1343.

## C. NATURE OF ACTION.

This is an employment discrimination case wherein the Plaintiff seeks damages for back pay, front pay, and other employment benefits after he was constructively discharged in April 2017 after being subjected to unremediated racial harassment. Plaintiff also seeks his attorneys' fees, as well as exemplary damages. The Plaintiff contends his constructive

discharge came as a direct result of pervasive racial harassment, on the basis of his Native American heritage, of which Defendant had actual knowledge and which Defendant refused to meaningfully remediate.

## D. CONTENTIONS OF THE PARTIES.

1. Plaintiff contends he was subjected to a hostile work environment on the basis of his race and that Defendant failed to remediate the same.
2. Plaintiff contends that he was constructively discharged from his employment upon Defendant's failure to remediate ongoing racial harassment in the workplace.

## E. STIPULATIONS AND UNCONTESTED FACTS.

1. Plaintiff is a Citizen of the United Houma Nation of Louisiana, which is a Native American tribe.
2. Plaintiff was employed by Shamrock Energy Solutions, LLC, most recently from January 15, 2015 through April 28, 2017.
3. In the presence of several other employees, any time that former Governor, Bobby Jindal would come on TV, Troy Comeaux would laugh and say, "Oh, look, Josh is on TV" In response, Plaintiff would correct Comeaux, stating, "I'm Native, I'm not from India."
4. Troy Comeaux would refer to Plaintiff as the "platform Mexican" on nearly a daily basis.
5. Tony Comeaux and Plaintiff shared a room on the platform, and any time Comeaux would see Plaintiff sitting on the ground, he would comment, "You sitting on the floor like you're some kind of Indian." In response to Comeaux's comments, Plaintiff would state, "You know that I am. You know that"
6. On one occasion, Troy Comeaux took the conversation further, asking Plaintiff, "Why don't you live on a reservation and get all that free money?" Plaintiff proceeded to explain: "Why? Reservations aren't nice places. We going to stay off these reservations. A hundred million Natives died to stay off these reservations."
7. Plaintiff reported Troy Comeaux's derogatory statements to Frank Cornay. In response, Cornay stated, "don't worry about it, he didn't mean nothing by it"
8. On July 1, 2016, Plaintiff submitted a written "diatribe" to Craig Robichaux, therein detailing the various instances of racial harassment, as well as the entirely inappropriate comment Primeaux had made about his wife. Plaintiff specifically referenced "racist remarks about [his] looks and [his] heritage," and noted that he had reported the behavior to Frank Cornay and Shawn LaBauve, neither of which took any meaningful action.
9. In early 2017, Brandon LeBeauf ("LeBeauf") came into Plaintiff's room after-hours with a small seagull feather, at which time LeBeauf tried to put it in Plaintiff's hair. When Plaintiff refused to let LeBeauf place a dirty feather in his hair, LeBeauf tacked the feather to Plaintiff's bedroom wall.
10. Plaintiff reported the LeBeauf feather incident the following day to another operator, Chris Doyle ("Doyle") who, in turn, reported the incident to LeBeauf's

supervisor. Plaintiff also reported the incident to Michael Yearic.

11. While Plaintiff was sitting on a beam, a contract roustabout from Grand Isle Construction walked by Plaintiff, and stated, "Look, he's sitting Indian style." The roustabout then asked the following joke: "Did you hear the one about the Indian sitting on the side of the road selling bracelets?" and proceeded to tell a joke about a Native American man telling time by using shadows.

12. While Plaintiff was sitting in the bunkroom he shared with Troy Comeaux putting on sneakers, Comeaux asked Plaintiff, "why are you sitting on the floor like some kind of Indian?" Plaintiff responded, "you know I am Native American," to which Comeaux replied, "if you're Indian, why don't you live on a reservation and live off of free money?" Plaintiff explained to Comeaux that over 100,000,000 natives – people of all tribes – died trying to stay off of reservations.

13. In approximately February 2017, Plaintiff began working with Lead Operator, Lance Martin on Platform 79.

14. Upon Plaintiff's arrival to the platform on February 23, 2017, Lance Martin had tacked a piece of propaganda on Plaintiff's bedroom wall depicting a riot that had just taken place. Plaintiff took a picture of the bulletin board.

15. Plaintiff reported the incident involving Lance Martin and the propaganda to Mike Yearic and Chris Davis.

16. Plaintiff attempted to formally submit his two (2) weeks' notice to Shamrock via e-mail on February 23, 2017.

17. In his resignation letter, Plaintiff cited continued racial bigotry toward his Native Heritage by multiple employees, multiple companies, on multiple occasions, and on multiple platforms. He noted, "I have been told that I am 'Different' but this gives no one the right to belittle me and My Heritage repeatedly!"

18. Shortly after Plaintiff submitted his two weeks' notice, Plaintiff received a call from Becky McManus, Shamrock's Field Human Resources employee. During the call, McManus requested that Plaintiff submit proof of the harassment detailed in his resignation letter, at which time Plaintiff informed McManus of the lengthy email he had sent to Robichaux. Thereafter, McManus informed Plaintiff that she would be speaking with Angela Chaumont, another Human Resources representative, and that the company was going to conduct an investigation into Plaintiff's allegations.

19. Angela Chaumont was a Human Resources employee for Fieldwood.

20. Shamrock opened an investigation into the various incidents Plaintiff had reported. Plaintiff completed a Workplace Harassment Complaint Form on March 21, 2017. Shamrock completed its investigation on March 24, 2017 (Ex. D), and Plaintiff received notice of the same on March 27, 2017.

21. Per the face of the investigatory documents, the Shamrock investigator found that Plaintiff had suffered from harassment and discrimination with regard to his Native Heritage. Further, the investigation report stated that the offenders from the July 2016 incident had been "moved to different platforms and/or terminated from employment from Fieldwood" Moreover, Defendant claimed that "with regard to the 2/23/17 complaint, one of the offenders has been terminated from Fieldwood (for reasons unrelated)" and that "with these individuals moved from

3

the areas where Mr. Desport works, the harassment will be stopped."

22. Upon conclusion of the investigation on March 27, 2017, Plaintiff was assured that Shamrock was going to conduct field-wide discrimination training and that Human Resources wanted to speak with him in person to better understand his position and concerns. At the conclusion of the in-person meeting, which occurred at the Shamrock headquarters, Shamrock indicated its belief that Plaintiff had, in fact, been treated wrongly for being a Native American and that remedial action was needed.

23. Immediately after the meeting, however, one of the meeting attendees, Randy Lepretre, walked up to Plaintiff and stated, "What is the difference between what happened to you and someone telling me a Boudreaux or Thibodeaux joke? Because I'm a coon a**."

24. On or about April 17, 2017, and despite Shamrock's assurances to the contrary, Lance Martin returned to Plaintiff's platform and sat at a desk approximately three (3) feet away from Plaintiff.

25. Plaintiff contacted Becky McManus inquiring about the status of the working arrangements between he and Martin via email on April 20, 2017.

26. Per follow-up correspondence Plaintiff received on April 21, 2017, Shamrock had not made any arrangements to move Lance Martin.

27. Mike Yearic informed Plaintiff that Brandon LeBeauf would also be returning to the platform, stating that he hoped Plaintiff would be "okay with it."

28. Upon the offenders' return in direct contravention to the assurances made to Plaintiff, Plaintiff again tendered his two weeks' notice via an email to Craig Robichaux on April 28, 2017. Therein, Plaintiff explained, "it appears the severity of events and adherence to the prescribed outcomes cannot be agreed upon so, as I am what I believe to be a man of standards, I find it unsuitable and unacceptable to work in this environment anymore."

29. Within a couple of hours after Plaintiff's submission of his resignation, he was removed from the platform via helicopter.

30. Plaintiff received a subsequent telephone call from Craig Robichaux, wherein Craig Robichaux asked Plaintiff if he "really wanted to leave from Shamrock" In response, Plaintiff stated, "Y'all let me down. I went to y'all repeatedly, repeatedly for help; and y'all let me down. The lack of responding to my emails shows acceptance. I can't trust y'all anymore. Yes, I do want to. I do want to leave."

31. The alleged harassment inhibited Plaintiff's ability to perform his job duties.

32. Plaintiff experienced an anxiety attack shortly after his departure from Shamrock.

33. Plaintiff sent a formal demand letter and the requisite pre-suit notice to Shamrock on January 29, 2018.

34. Plaintiff filed a Charge of Discrimination with the U.S. Equal Opportunity Commission ("EEOC") on or about November 14, 2018, detailing the various instances of discriminatory conduct asserted in his State Law Petition.

*{Remainder of Page Intentionally Left Blank}*

**F. CONTESTED ISSUES OF FACT AND LAW.**

At this time, Defendant has not contested any issues of fact or law. That being said, Plaintiff posits that his case depends on resolution of two (2) key legal issues:

1. Was Plaintiff subjected to a hostile work environment on the basis of his race?
2. What Plaintiff constructively discharged?

**G. LIST OF WITNESSES.**

1. Plaintiff will call Plaintiff as a live witness for live testimony. Plaintiff will also call any live witnesses introduced by Defendant as live witness for live testimony on cross-examination.

**H. LIST OF EXHIBITS.**

1. See Plaintiff's attached Exhibit List. Plaintiff may also use demonstrative aids including an event timeline, Plaintiff's work history, and summaries of Plaintiff's listed trial exhibits.

**I. PENDING MOTIONS.**

Plaintiff's unopposed Motion for Summary Judgement remains pending.

**J. PROBABLE LENGTH OF TRIAL.**

The probable length of trial is 1 day(s).

**K. LIMITATIONS.**

1. Plaintiff presents that only live witnesses will be used to present testimony in this trial.

**L. CERTIFICATIONS.**

The undersigned counsel hereby certifies and acknowledges the following:

a. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

b. Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

c. Each exhibit in the List of Exhibits herein:
   i. is in existence;
   ii. is numbered; and
   iii. has been disclosed and shown to opposing counsel.

For Plaintiff:    */s/ James E. Sudduth, III*
                         JAMES E. SUDDUTH, III
                         Email: James@saa.legal
                         **SUDDUTH & ASSOCIATES, LLC**
                         1109 Pithon St.
                         Lake Charles, LA 70601

For Defendant:    N/A

This Pre-Trial Order is hereby approved this___day of June, 2021.


                                                    _____
                                                    United States District Judge